Mary Sherwood Mowry, of the city of Dowagiac, executed a last will and testament on August 15, 1925. In it she made a number of bequests, among them the sum of $100 and a pair of "crushed pocket vases" to Lucy Frazee. The residue of her estate was devised and bequeathed to her only near relative, her half-sister, Grace Sherwood. *Page 610 
On November 27, 1926, she executed a codicil to her will, containing the following provision:
"I give and devise to my friend, Mrs. Lucy Frazee of the city of Dowagiac, my residence property known as street number 202 Orchard street, situate on the corner of Orchard and Courtland streets, in the city of Dowagiac, Michigan, to have and to hold for her sole and separate use and benefit, absolutely and forever. I do this in grateful recognition and appreciation of her many kindly acts and ministrations to me, and because she agrees to see that I am cared for."
On July 1, 1930, she executed a second codicil thereto, changing a bequest of $500 from the St. Joseph Michigan Children's Aid Society to the Dowagiac Rotary Foundation.
The testatrix passed away on April 7, 1931. Objections to the probate of the will and codicils were filed by Grace Sherwood, in which mental incompetency and undue influence were alleged. The contest thereon was duly certified to the circuit court and came on for trial before the judge thereof and a jury. After the submission of proofs, the trial court directed a verdict sustaining the validity of the will and the codicils. From a judgment entered pursuant thereto and directing that it be so certified to the probate court, the contestant has taken this appeal.
While the objections filed applied to the will and both codicils, the validity of the codicils alone is questioned upon this appeal; both on the ground of undue influence, and the second with mental incompetency added.
The will was prepared by George M. Fields, probate judge of the county of Cass. In it she named Arthur F. Frazee, the husband of Lucy, as executor. Their home was near that of the testatrix. Some time after its execution, she desired to make a slight *Page 611 
change in it and requested Mr. Frazee to get it from the judge of probate and gave him a written order therefor. After making the change, not here deemed material, she asked him to retain possession of it, which he did.
First Codicil. This codicil was executed when the testatrix was in a hospital in Chicago. She was on her way to Florida to spend the winter, and stopped in that city for a visit with an old friend, Mrs. Ella M. Laubender. When taken ill, she requested Mrs. Laubender to inform Mr. and Mrs. Frazee, and they at once left their home and went to Chicago. It is the claim of the contestant that under the proofs submitted the question of their exercise of undue influence over the testatrix at the time this codicil was executed should have been submitted to the jury.
The testatrix had for many years consulted with and been guided by the advice of Mr. Frazee in the handling of her business affairs. Her confidence in him is shown by her appointment of him, without his knowledge, as executor when she executed her will. She was then quite aged and somewhat infirm, and it clearly appears that Mrs. Frazee had given her much care and attention. Several times after the will was executed, she expressed a desire to remunerate her therefor, to a greater extent than she had done in her will. On several occasions she stated that she wanted Mrs. Frazee to have her home, as she felt that the contestant was well provided for without it.
Anticipating that she might desire to make a change in her will, Mr. Frazee took it with him when they went to Chicago, and the codicil was then executed in the hospital in the presence of and witnessed by Mrs. Laubender and the attending physician. Her mental capacity to execute it at that time is not questioned. Mr. and Mrs. Frazee were *Page 612 
called as witnesses for the contestant, and Mrs. Laubender as a witness for the proponent, and examined at length as to what then occurred. Viewing their testimony in the light most favorable to support the claim of the contestant, no fair inference can be drawn therefrom that any undue influence was exercised to secure her signature thereto. SeeSeverance v. Severance, 90 Mich. 417; In re Williams' Estate,185 Mich. 97; In re Cochrane's Estate, 211 Mich. 370; In reJackson's Estate, 220 Mich. 565.
Second Codicil. The only alteration made in the will by this codicil was, as before stated, in changing the bequest of $500 from the St. Joseph Michigan Children's Aid Society to the Dowagiac Rotary Foundation. The rights of the contestant under the will are in no way affected thereby, and, as the Children's Aid Society is not here complaining, we see no reason for its consideration.
The judgment is affirmed.
CLARK, C.J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.